UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Eric Gravel,

       Plaintiff,

       v.                                                                                  Civil Action No. 2:23–cv–108

Hearst Television et al,

       Defendants.

**ORDER GRANTING**
**PLAINTIFF'S IN FORMA PAUPERIS APPLICATION**
(Doc. 8)

    Plaintiff Eric Gravel, proceeding *pro se*, seeks to file a Complaint against Hearst Television et al. Mr. Gravel has requested leave to proceed *in forma pauperis*, and has submitted an affidavit that makes the showing required by 28 U.S.C § 1915(a). Accordingly, his request to proceed *in forma pauperis* (Doc. 8) is GRANTED. If the allegations in the complaint are substantiated, the plaintiff may have an opportunity to prevail on the merits of this action. The following paragraphs are intended to assist the *pro se* litigant by identifying for him certain requirements of this Court. Failure to comply with these requirements may result in the dismissal of the complaint.

    Because the plaintiff is not represented by a lawyer, he is reminded that the Federal Rules of Civil Procedure require him to mail to the lawyer for the defendant a true copy of anything he sends to the Court. Failure to do so may result in dismissal of this case or other penalties. Anything filed with the Court should specifically state that it has been sent to the lawyer for the

defendant. The plaintiff should keep a true copy of everything he sends to the defendant or the Court.

Each party shall keep the Court apprised of a current address at all times while the action is pending. Notice of any change of address must be filed promptly with the Court and served on other parties.

As this case proceeds, it is possible that the defendant may file a motion for summary judgment. The Second Circuit requires that a *pro se* litigant be provided notice "of the nature and consequences of a summary judgment motion." *Vital v. Interfaith Medical Ctr.*, 168 F.3d 615, 621 (2d Cir. 1999); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988). A motion for summary judgment made by a defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure is a request for a judgment in the defendant's favor without a trial. This motion will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle him or her to judgment as a matter of law. Failure to contradict those factual assertions may result in the entry of summary judgment against the plaintiff.

To contradict or oppose the defendant's motion for summary judgment, the plaintiff must show proof of his claims. The plaintiff may do this in one or more of the following ways. Most typically, the plaintiff may file and serve one or more affidavits or declarations setting forth the facts that would be admissible in evidence that he believes prove his claims or counter the defendant's assertions. The person who signs each affidavit must have personal knowledge of the facts stated within the affidavit. Alternatively, the plaintiff may rely on statements made under penalty of perjury in the complaint if the complaint shows that the plaintiff has personal knowledge of the matters stated, and if the plaintiff calls to the Court's attention those parts of the complaint upon which he relies to oppose the defendant's motion. The plaintiff may also

rely upon written records, but must prove that the records are what he claims they are. Finally, the plaintiff may rely on all or any part of deposition transcripts, answers to interrogatories, or admissions obtained in this proceeding. If there is some good reason why the necessary facts are not available to the plaintiff at the time required to oppose a summary judgment motion, the Court will consider a request to delay consideration of the defendant's motion.

The plaintiff should always file a response to a motion by the defendant. In particular, in the event the defendant files a motion for summary judgment as discussed above, or moves to dismiss the complaint, the plaintiff's failure to respond may result in the dismissal of the case.

In accordance with the above, it is hereby ORDERED that the plaintiff's request for leave to proceed *in forma pauperis* (Doc. 8) is GRANTED. The plaintiff may file, and the Clerk of the Court shall accept, the plaintiff's complaint without prepayment of the required fees, and the plaintiff shall not be required to pay the fees for service of the complaint. Service of process shall be undertaken pursuant to 28 U.S.C. § 1915(d), and if necessary, shall be made by the U.S. Marshals Service. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of July 2023.

/s/ Kevin J. Doyle
Kevin J. Doyle
United States Magistrate Judge