UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ERIC GRAVEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:23-cv-108 |
| | ) |
| CITY OF WINOOSKI, *et al.,* | ) |
| | ) |
| Defendant. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION

NOW COME Defendants, by and through their attorneys McNeil, Leddy & Sheahan, P.C., and hereby oppose Plaintiff's Application for Preliminary Injunction, with accompanying affidavit, both dated May 30, 2023 and filed June 6, 2023 (Docs. 4 & 5). Because Plaintiff's Amended Complaint, filed December 6, 2023, supersedes the original complaint and does not incorporate nor include a request for preliminary injunctive relief, the earlier motion should be denied or denied as moot. If the Court construes the earlier motion as still viable notwithstanding the amended pleading, the motion should nonetheless be denied. Under either analysis, for the reasons stated more fully below, Plaintiff's motion for preliminary injunction should be denied.

## BACKGROUND

Plaintiff's original complaint, titled "Verified Complaint," was filed May 26, 2023, and included Hearst Television, Inc., the Town of Colchester, Vermont, the City of Burlington, Vermont, and the police departments and elected officials of these municipalities among the defendants.[1] (Doc. 1). In the original complaint, Plaintiff demanded judgment to include

---

[1] Plaintiff's early filings in this case were filed in the United States District Court for the Southern District of New York.

1

"[p]reliminarily and permanently enjoining defendants from further illegal conduct injurious to plaintiff(s)." (Doc. 1 at p. 2). Plaintiff then filed on June 6, 2023, an "Application for Preliminary Injunction," requesting a preliminary injunction and an evidentiary hearing combined with a trial on the merits, citing Rule 65(a)(2) of the Federal Rules of Civil Procedure. (Doc. 4). The motion sought "the *IMMEDIATE* cessation of defendants' harassment of Mr Gravel," without specifying what actions by "defendants" Plaintiff wished to enjoin. (*Id.*). The motion was purportedly supported by an unsworn "Affidavit" (Doc. 5) and the original complaint (Doc. 1). (*Id.*). Plaintiff never served the original complaint. (*See* Doc. 10).

On November 27, 2023, Plaintiff sought to amend his complaint (Doc. 11) and the motion was granted (Doc. 12). Plaintiff filed an Amended Complaint on December 6, 2023. (Doc. 13). The Amended Complaint narrowed the scope of defendants to the City of Winooski and several officials and employees of the City and *did not include a request for injunctive relief*. (*See* Doc. 13 at p. 14). On February 12, 2024, all Defendants moved to dismiss the Amended Complaint. (*See* Docs. 30-32).

### ARGUMENT

### I. BECAUSE THE OPERATIVE PLEADING DOES NOT INCLUDE A REQUEST FOR INJUNCTIVE RELIEF AND PLAINTIFF HAS NOT RENEWED HIS MOTION FOR PRELIMINARY INJUNCTION, IT SHOULD BE DENIED

In his Amended Complaint filed December 6, 2023, Plaintiff dropped his request for injunctive relief. (*Compare* Doc. 1 at p. 2 *with* Doc. 13 at p. 14). In granting Plaintiff's motion to amend his complaint, the Court advised Plaintiff that his amended pleading would supersede his original complaint and would render the original of no legal effect. (*See* Doc. 12 citing *Hancock v. Cnty. of Rensselaer*, 882 F.3d 58, 63 (2d Cir. 2018)). The Court's Order explained that Plaintiff must include all of his "factual allegations and legal claims for relief" in his amended pleading.

McNEIL LEDDY & SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

(*Id.*).  Notably, Plaintiff's Amended Complaint does not include a claim for injunctive relief.  (*See* Doc. 13).  Comparing Plaintiff's prayer for relief in his original pleading in which he specifically demanded judgment "[p]reliminarily and permanent enjoining defendants from further illegal conduct injurious to plaintiff(s)" at page 2, with the "Prayer for Relief" in his Amended Complaint at page 14, it appears Plaintiff has abandoned his original cause for injunctive relief.  For this reason, Plaintiff's motion for a preliminary injunction based on his original complaint should be denied.

Alternatively, Plaintiff's motion for a preliminary injunction may be denied as moot.  "It is well settled that an amended pleading ordinarily supersedes the original and renders it of no legal effect."  *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 162 (2d Cir. 2000).  Federal district courts have denied as moot motions for preliminary injunction that are based on superseded, inoperative complaints.  *See, e.g.*, *Garcia v. Mid-Atlantic Military Family Communities LLC*, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021); *Onx USA LLC v. Sciacchetano*, 2012 WL 2191206, at *3 (N.D. Ohio June 14, 2012); *Geisert v. Brown*, 2010 WL 11618795, at *3 (N.D. Tex. Mar. 22, 2010).  Similarly, Plaintiff's motion for preliminary injunction, filed nearly ten months ago and not renewed with his amended pleading, may be denied as moot.

## II. EVEN IF THE COURT ADDRESSES PLAINTIFF'S PRIOR REQUEST FOR PRELIMINARY INJUNCTION, IT SHOULD NONETHELESS BE DENIED

For the reasons stated above, Plaintiff's motion for preliminary injunction should be denied or denied as moot.  Plaintiff does not seek injunctive relief in his Amended Complaint and has not renewed any request for a preliminary injunction.  However, even if the Court addresses the substance of Plaintiff's June 6, 2023 request for preliminary injunction, it should nonetheless be denied.

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

3

a. <u>Plaintiff's requested preliminary injunction is too vague.</u>

Plaintiff's blanket request for a preliminary order that "defendants" cease harassing him is too vague. Rule 65 requires that every injunction "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). It is unclear what acts or acts on the part of "defendants" Plaintiff sought to restrain with his "Application for Preliminary Injunction," dated May 30, 2023. (Doc. 4). The motion asks for a "preliminary injunction calling for the *IMMEDIATE* cessation of defendants' harassment of Mr Gravel" but does not identify these "defendants" or specify the harassing conduct at issue. (*Id.*). Plaintiff's accompanying "Affidavit" directs allegations against Winooski, Colchester, Burlington, and several individuals spanning over a year and concluding with allegations against the Burlington Police Department from April 2023. (*See* Doc. 5). Plaintiff fails to articulate the conduct he seeks to enjoin. Because Plaintiff's request would lead to a vague injunction and not satisfy Rule 65, Plaintiff's motion for preliminary injunction should be denied.

b. <u>Plaintiff cannot show justification for a preliminary injunction.</u>

To obtain a preliminary injunction, Plaintiff must demonstrate that (1) he will suffer irreparable harm without the injunction, and (2) either (a) a likelihood of success on the merits of the claim or (b) sufficiently serious questions going to the merits and that the balance of hardships tips decidedly in favor of the party seeking injunctive relief. *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999). Although irreparable harm has been found to presumptively exist in cases involving a deprivation of First Amendment rights, *see Bery v. City of New York*, 97 F.3d 689, 693 (2d Cir. 1996), Plaintiff in this case has not been deprived of such a right because the First Amendment does not shield threatening and disruptive behavior towards municipal employees. The April 12, 2023 Notice Against Trespass was issued because of a safety

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

concern; a legitimate and significant government interest.  *See* Declaration of Elaine Wang ¶¶ 3-6, appended hereto as Exhibit A.  Plaintiff remains free to appropriately express himself or comment on any matters of public concern at locations not covered by the Notice.  *Id.* ¶¶ 11-12.  He has continued to threaten City of Winooski employees from the streets and sidewalks around City Hall.  *Id.* ¶ 10.  Moreover, the Notice Against Trespass is in effect only until April 12, 2024.  *Id.* ¶¶ 7, 13.  In sum, the Plaintiff has not suffered any irreparable harm by being served with the Notice Against Trespass and has therefore failed to prove one of the two elements necessary to obtain a preliminary injunction.  Nonetheless, even if the Court finds that a showing of irreparable harm is not required here, Plaintiff still cannot show a likelihood of success on the merits of his claims.

As explained in the Defendants' respective Motions to Dismiss and accompanying memoranda of law (Docs. 30-32), Plaintiff's Complaint fails to state a claim against Defendants and dismissal of all claims against them is appropriate.  In order to demonstrate a reasonable likelihood of success on the merits in the context of a First Amendment case, a plaintiff would have to establish:  "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001).  At the outset, Plaintiff will not be able to meet this burden because the threats he directed at City officials and others are not constitutionally protected.

The First Amendment's primary aim is the protection of speech upon issues of public concern.  It is axiomatic that a threat is not a matter of legitimate public concern.  As far back as *Milk Wagon Drivers v. Meadowmoor Dairies, Inc.*, 312 U.S. 287, 292-93 (1941), and *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942), the United States Supreme Court has been clear that

McNEIL
LEDDY &
SHEAHAN

271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743

www.mcneilvt.com

fighting words, threats, or speech infused with violence are not protected by the First Amendment. In this case, Plaintiff's threatening behavior exceeded the bounds of protected speech. Moreover, Plaintiff has failed to show that he has actually been deprived of any right, such as to participate in open meetings or to vote. Plaintiff complains the City has impeded "his right to petition his government for redress of grievance," but admits that he can directly email City officials and the City Manager with complaints and issues such as parking tickets. (*See* Doc. 13 at p. 11).

Plaintiff's implied First Amendment claim based on the Notice Against Trespass was addressed in the Official Defendants' Memorandum of Law in Support of Their Joint Motion Dismiss. (Doc. 31-1 at pp. 10-14). Official Defendants' Memorandum of Law states, in part:

> In *Cyr v. Addison Rutland Supervisory Union,* 60 F. Supp. 3d 536 (D. Vt. 2014) ("*Cyr II*"), this Court recognized that a NAT can be both reasonable and viewpoint neutral when it is "justified by concern that [plaintiff] posed a danger to school staff and [is] not based on the content of his speech, which was restricted as a collateral consequence of the notices." *Id.* at 547. "Protecting the safety of school staff is undoubtedly a significant government interest." *Id.* at 548 (citing *Lovern v. Edwards,* 190 F.3d 648, 655-56 (4th Cir. 1999)).

(Doc. 31-1 at p. 13). Indeed, the Notice Against Trespass here was issued due to Plaintiff's threatening and disruptive behavior. *See Loverin v. Montpelier Central School District,* 2003 WL 25744778, *2 (Vt. 2003) (unpublished entry order by three-justice panel) (affirming trial court order finding no trespass notice justified where plaintiff made "harassing and threatening phone calls," was agitated when meeting administrators, and confronted superintendent in "highly agitated state"). It is undisputed that public officials need to allow members of the public to criticize their actions and members of the public have the right to express their views. By the same token, however, public officials cannot and should not be asked to sit idly by in the face of threatening behavior that instills fear in employees. Municipal officials must be able to safeguard themselves, their employees, and City property. Whatever

inconvenience has been experienced by the Plaintiff from the Notice Against Trespass, is greatly outweighed by the harm to the City of Winooski and its employees should an injunction issue.

Accordingly, even in the event the Court construes Plaintiff's motion as a request to enjoin enforcement of the Notice Against Trespass issued to Plaintiff on April 12, 2023, and in effect until April 12, 2024, such a request should be denied.

## **CONCLUSION**

WHEREFORE, for any and all of the reasons stated above, Defendants respectfully ask this Court to deny Plaintiff's application for a preliminary injunction.

DATED at Burlington, Vermont this 30th day of March 2024.

McNEIL, LEDDY & SHEAHAN, P.C.

By:   /s/ Michael J. Leddy
      Michael J. Leddy, Esq.
      McNeil, Leddy & Sheahan, P.C.
      271 South Union Street
      Burlington, Vermont 05401
      (802) 863-4531
      mleddy@mcneilvt.com

      Attorneys for Defendants

McNEIL LEDDY & SHEAHAN
271 South Union St.
Burlington, VT 05401
T 802 863 4531
F 802 863 1743
www.mcneilvt.com

7